IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


STEPHEN FREDRIC GANSTINE,

    Plaintiff,

vs.                                       Case No. 4:11cv129-MP/WCS

JOHNNY WILLIAMS,
and ARMANDO GARCIA,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff lists his name and inmate number on the complaint form, doc. 1, p. 2, but this case is not a prisoner complaint. Plaintiff states he was released from prison on February 26, 2010.

Plaintiff lists two Defendants in this case, Johnny Williams, identified by Plaintiff as the County Administrator for Gadsden County, Florida, and Armando Garcia. Doc. 1, p. 2. Plaintiff explains that after a jury trial, he was convicted of aggravated assault with a firearm and sentenced to the custody of the Florida Department of Corrections. *Id.*, at 7. Plaintiff alleges that the prosecutor, identified as Mr. Johnson, violated Plaintiff's

constitutional rights by commenting on Plaintiff's prior silence and challenging Plaintiff's version of events which he testified to during the trial. *Id.*, at 7. Plaintiff also contends that Defendant Garcia, his court-appointed defense attorney, provided ineffective assistance of counsel. *Id.*, at 7-8. Plaintiff's Rule 3.850 motion for post-conviction relief was denied, as was his appeal. *Id.*, at 8. Plaintiff's *pro se* state habeas petition was dismissed, as was Plaintiff's subsequent motions for rehearing. *Id.* Plaintiff notes that each of these denials were without written opinions. *Id.*

Plaintiff contends that his "only available avenue" of relief to prove the violations of his constitutional rights is through this civil rights action. *Id.*, at 8. Plaintiff asserts this case "is in no way frivolous, it is an honest, last ditch effort to correct a wrongful conviction." *Id.* Plaintiff seeks declaratory judgments as well as compensatory damages "in excess of $75,000." *Id.*, at 9.

A civil rights case is not the appropriate vehicle "for challenging the validity of outstanding criminal judgments." Wilkinson v. Dotson, 544 U.S. 74, 80, 125 S.Ct. 1242, 1247 (2005), *quoting* Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The only remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhaustion of state court remedies.

Further, even if a civil rights claim challenging a conviction could proceed, there are no allegations in the complaint against Defendant Williams. There is no causal connection alleged between Defendant Williams, the administrator, and the manner in which prosecutor Johnson handled Plaintiff's criminal trial. Because this Defendant has no involvement in the issues raised by Plaintiff, and because the doctrine of *respondeat superior* does not provide a basis for recovery under § l983, the complaint should be

dismissed as to Defendant Williams. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).

The claim against Defendant Garcia must also be dismissed because he is not a proper Defendant in a civil rights case. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 8, 2011.

S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**