**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEPHEN FREDRIC GANSTINE,**

**Plaintiff,**

**vs.** **Case No. 4:11cv129-MP/WCS**

**JOHNNY WILLIAMS,
and ARMANDO GARCIA,**

**Defendants.**

**_____________________________/**

**ORDER and SECOND REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. On April 8, 2011, I entered a report and recommendation to dismiss this case for failure to state a claim. Doc. 6. Plaintiff has now filed a motion for reconsideration, doc. 7, and a motion for leave to file an amended complaint, doc. 8.

Plaintiff states in his motion, doc. 7, that he wishes to file an amended complaint and he believes he properly named Defendant Williams, the County Administrator, as a Defendant. Plaintiff also contends that Gadsden County, Florida, should also have been named as a Defendant. Doc. 7, p. 1. Plaintiff contends Defendant Williams and the County are responsible for the actions of the "district" attorney's office [sic, state

attorney]. *Id.*, at 2. Plaintiff also asserts that he should be able to sue his defense counsel, Defendant Armando Garcia, for failure to provide effective assistance of counsel. Doc. 7, p. 2.

Plaintiff contends that he is precluded from challenging the criminal judgments against him because he has completed his sentence. *Id.*, at 3. Plaintiff that this case is "an honest, last ditch effort to correct a wrongful conviction." *Id.*, at 4. Plaintiff requests that this Court "determine if Plaintiff received a fair trial, and to assess damages if" the Court finds that Plaintiff's rights were violated.[1] *Id.*

Plaintiff's motion for leave to file an amended complaint, doc. 8, seeks to retain the claims against Defendants Williams and Garcia, and add Gadsden County, Florida, as a Defendant. *Id.*, at 1. Plaintiff contends the County has the responsibility to guarantee that every criminal defendant tried there receives a fair trial. *Id.*, at 2.

Plaintiff's motion for reconsideration is granted to the extent that I have reviewed the instant motions and the prior report and recommendation. However, Plaintiff's motion does not provide a basis for vacating the prior report and recommendation. The reasons provided there remain valid as explained again below.

Plaintiff attempted to sue Johnny Williams, the County Administrator for Gadsden County, Florida, and Armando Garcia, his defense attorney. Doc. 1, p. 2. Plaintiff alleges that the prosecutor, identified as Mr. Johnson, violated Plaintiff's constitutional

---

[1] Plaintiff's appeal of his conviction was affirmed *per curiam*, Ganstine v. State, 977 So.2d 582 (Table), 2008 WL 795765 (Fla. 1st DCA, March 27, 2008), and his "petition alleging ineffective assistance of appellate counsel [was] denied on the merits" in Ganstine v. State, 29 So.3d 431 (Fla. 1st DCA March 5, 2010). Plaintiff's Rule 3.850 motion was unsuccessful and his motion for rehearing was denied on November 18, 2010. Ganstine v. State, 48 So.3d 54 (Table), 2010 WL 760228 (Fla. 1st DCA March 5, 2010).

rights by commenting on Plaintiff's prior silence and challenging Plaintiff's version of events which he testified to during the trial.  *Id.*, at 7.  Plaintiff also contends that Defendant Garcia, his court-appointed defense attorney, provided ineffective assistance of counsel.  *Id.*, at 7-8.

Plaintiff presented no allegations of unlawful actions by Defendant Williams.  Because this Defendant has no involvement in the issues raised by Plaintiff, and because the doctrine of *respondeat superior* does not provide a basis for recovery under § l983, the complaint must be dismissed as to Defendant Williams.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).

Furthermore, even if Plaintiff was attempting to sue the prosecutor who handled Plaintiff's criminal trial, the case would still have to be dismissed.  That is so because prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Such actions include "initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff cannot pursue claims against Mr. Johnson, the prosecutor, nor could Plaintiff bring a claim against the state attorney's office.  That being the case, Plaintiff cannot sue the County or Country Administrator indirectly for claims which Plaintiff cannot bring against the prosecutor.

Furthermore, as the last report and recommendation explained to Plaintiff, he cannot bring a claim against Defendant Garcia because representation by public defenders or retained criminal defense attorneys is not "state action" and, thus, gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  Plaintiff's claim against Defendant Garcia must be dismissed.

Because Plaintiff cannot bring claims against any of the Defendants named, the case should be dismissed.  Because Plaintiff lacks a sufficient basis to bring the claims desired in the request for leave to file an amended complaint, that motion should be denied.

Accordingly, it is **ORDERED** Plaintiff's motion for reconsideration, doc. 7, is **GRANTED** but the report and recommendation, doc. 6, is not vacated.

It is further **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted, and Plaintiff's motion for leave to amend, doc. 8, be **DENIED as futile**.

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**