IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN FREDRIC GANSTINE,

    Plaintiff,

v.                                          CASE NO. 4:11-cv-00129-MP -WCS

ARMANDO GARCIA, JOHNNY WILLIAMS,

    Defendants.

_____/

**O R D E R**

        This matter is before the Court on Doc. 6, Report and Recommendation of the Magistrate Judge, which recommends that Plaintiff's complaint, Doc. 1, be dismissed for failure to state a claim upon which relief may be granted. Plaintiff filed a motion for reconsideration of the report and recommendation, Doc. 6, and a motion to amend the complaint. The Magistrate Judge granted the motion for reconsideration but concluded that the Plaintiff has not provide a basis for vacating the prior report and recommendation. The Magistrate Judge issued a second report and recommendation, Doc. 9, again recommending that the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and that Plaintiff's motion for leave to amend be denied as futile. The Plaintiff filed a second motion for reconsideration, Doc. 10, which the Magistrate Judge construed as timely objections to the report and recommendations. This Court reviews objected-to material *de novo*.

        Plaintiff has attempted to sue Johnny Williams, the County Administrator for Gadsden County, Florida, and Armando Garcia, his defense attorney, for civil rights violations under 42 U.S.C. § 1983. Plaintiff contends Defendant Williams and the County are responsible for the

actions of the prosecutor, which he claims, violated his constitutional rights by commenting on his prior silence and challenging his version of events which he testified to during the trial. Plaintiff also contends that Defendant Garcia, his court-appointed defense attorney, provided ineffective assistance of counsel.

Plaintiff has presented no allegations of unlawful action by either Defendant Williams or Gadsen County, Florida. Because the doctrine of *respondeat superior* does not provide a basis for recovery under § l983, the complaint must be dismissed as to Defendant Williams. *See Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978)). For the same reason, Plaintiff's request to amend the complaint to include Gadsden County, Florida is futile.

Furthermore, Plaintiff cannot bring a claim against Defendant Garcia because representation by public defenders or retained criminal defense attorneys is not "state action" and, thus, gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. *See Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976); *Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

As the Magistrate Judge concluded, the Plaintiff cannot bring claims against any of the Defendants named. Furthermore, the Plaintiff lacks a sufficient basis to bring the claims desired in the request for leave to file an amended complaint. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendations of the Magistrate Judge, Docs. 6 and 9, are ADOPTED and incorporated herein.

2. Plaintiff's complaint, Doc. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

  3.  Plaintiff's motion to amend the complaint Doc. 8, is DENIED as futile.

**DONE AND ORDERED** this   *25th* day of May, 2011

     *s/Maurice M. Paul*
    Maurice M. Paul, Senior District Judge